# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYSEAN HOWARD, | ) | CASE NO. 1:23-CV-01174-CEF |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN HAROLD MAY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION ON** |
| | ) | **PETITIONER'S MOTION TO STAY** |

## I.  Introduction

This matter is before the Court on Petitioner Raysean Howard's motion to stay and hold his federal habeas corpus proceedings in abeyance. (ECF No. 2). This case was referred to the undersigned under Local Rule 72.2. For the reasons explained within, I recommend that the Court deny the motion to stay and allow Howard 30 days to file a traverse in support of his petition.

## II.  Relevant Background

The Ohio Court of Appeals for the Eighth Appellate District set forth the following facts[1] on direct appeal:

> {¶ 2} On December 16, 2019, Howard was indicted for several counts of aggravated murder, murder, felonious assault, attempted murder, improper discharge of a firearm at or into a habitation, discharge of a firearm on or near prohibited premises, and improperly handling firearms in a motor vehicle.
>
> {¶ 3} On February 19, 2020, Howard's counsel filed a motion to have Howard evaluated by the Cuyahoga County Court of Common Pleas Psychiatric Clinic for

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

1

a determination of Howard's IQ and competency. On February 21, 2020, the trial court granted the motion and referred Howard to the court psychiatric clinic.

{¶ 4} On March 19, 2020, in response to the Covid-19 epidemic, the trial court ordered that the March 26, 2020 pretrial be conducted by telephone conference. On March 26, 2020 the trial court conducted a pretrial conference in which it set a further telephonic conference for April 28, 2020. On April 28, 2020, the trial court conducted a pretrial conference, noting that defendant's presence was waived. At this pretrial conference, the parties waived a hearing on defendant's competency and stipulated to the court psychiatric clinic report that recommended a further inpatient competency evaluation be conducted. The trial court ordered Howard to Northcoast Behavioral Healthcare ("Northcoast") for an inpatient evaluation. Howard was evaluated at Northcoast for a period of six days in July 2020. A report regarding Howard's competency was prepared in which he was diagnosed with malingering and cannabis use disorder, mild. The report noted that Howard was "feigning psychotic symptoms for the secondary gain of avoiding criminal persecution."

{¶ 5} On September 22, 2020, the trial court set a competency hearing for October 20, 2020, to be conducted via video conferencing. On October 20, 2020, the trial court entered upon its journal that Howard's presence was waived. The trial court further noted that the parties stipulated Howard was competent to proceed to trial and then stated, "based upon review of reports and parties' stipulation, court finds defendant competent to proceed."

{¶ 6} On October 21, 2021, Howard entered into a plea agreement to plead guilty to one count of murder with a three-year firearm specification and to two counts of attempted murder. In accepting Howard's plea, the trial court conducted a colloquy with him, explained his constitutional rights that he would be waiving and determined that he understood the nature of the charges against him as well as finding that he entered his pleas knowingly, voluntarily, and intelligently. Howard acknowledged that he was satisfied with the representation he received from counsel. Following the acceptance of his guilty pleas, the trial court sentenced Howard to an aggregate term of incarceration of 23 years to life.

*State v. Howard*, 2022-Ohio-2959, ¶¶ 2-6 (8th Dist. Ohio Ct. App. Aug. 25, 2022).

### III.   Additional State Procedural History

####    A.  Appeal Number 21-111160

On December 22, 2021, Petitioner filed a pro se notice of appeal. (ECF No. 8-1 at PageID #: 122). The Eighth District Court of Appeals dismissed the appeal as untimely on January 4, 2022. (*Id*. at PageID #: 125). The same day, Howard filed a motion to stay the appeal, indicating that "he

2

uttered a Motion for Delayed Appeal with his Notice of Appeal but for some odd reason the Motion for delayed Appeal does not appear on the docket." (*Id.* at PageID #: 127). Since the appeal had already been dismissed, the Court of Appeals denied the motion and indicated that "[i]n order to file a motion for delayed appeal, appellant must file a new notice of appeal, along with the motion for delayed appeal." (*Id.* at PageID #: 129).

On January 10, 2022, Howard moved for reconsideration of the dismissal. (*Id.* at PageID #: 131-32). The same day, he filed a motion for delayed appeal. (*Id.* at PageID #: 135-36). The Court of Appeals denied both motions on January 11, 2022. (*Id.* at PageID #: 140, 142).

### B. Appeal Number 22-111213

Howard filed a new pro se notice of appeal on January 20, 2022, along with a motion for delayed appeal. (*Id.* at PageID #: 144, 154-55). The State filed an opposition brief on January 27, 2022. (*Id.* at PageID #: 161-72). On February 9, 2022, the Court of Appeals granted Petitioner's motion for delayed appeal. (*Id.* at PageID #: 175).

On April 4, 2022, Petitioner filed a motion to supplement the record and, the next day, the Court of Appeals granted the motion and remanded the case, ordering "the Cuyahoga County Common Pleas Court and/or the Cuyahoga County Probation Department, and the court psychiatric clinic shall file presentence investigation and psychiatric reports under seal" before April 15, 2022. (*Id.* at PageID #: 179, 182). On April 7, 2022, Howard filed an "Emergency Motion to Produce Defendant's Signed Waiver of His Presence at 10/20/20 Competency Hearing" in the trial court. (*Id.* at PageID #: 184). The trial court returned the case to the Court of Appeals on April 14, 2022, indicating it complied with the appellate court's order. (*Id.* at PageID #: 187). Five days later, the trial court denied Petitioner's emergency motion as moot because "[a]ny and all records have been transmitted to the Court of Appeals." (*Id.* at PageID #: 189).

3

On April 11, 2022, Petitioner filed his appellate brief. (*Id.* at PageID #: 191). In his brief, he raised a single assignment of error: "Howard's U.S. constitutional right to due process was violated when he was not present at his competency hearing without a valid waiver summing up to his U.S. constitutional right to counsel being violated." (*Id.* at PageID #: 194). The State filed a response brief on May 23, 2022. (*Id.* at PageID #: 206-19). A June 9, 2022 journal entry indicates that Howard filed a motion to view the psychiatric report and presentence report and extend the time for him to file a reply brief. (*Id.* at PageID #: 250). The appellate court stated it was "unable to grant the pro se motion asking to review the psychiatric report and pre-sentence report since both are confidential documents which can not be copied and/or mailed." (*Id.*) Accordingly, the appellate court denied that request but granted the extension to reply. (*Id.*). Petitioner filed a reply on June 27, 2022. (*Id.* at PageID #: 221-26). On August 25, 2022, the Court of Appeals rejected Petitioner's assignment of error. (*Id.* at PageID #: 228-36).

Howard filed a motion for reconsideration of the judgment on September 15, 2022. (*Id.* at PageID #: 280). The State filed a response on September 26, 2022. (*Id.* at PageID #: 287-94). The appellate court denied the motion on March 10, 2023. (*Id.* at PageID #: 301).

### C. Additional Trial Court Proceedings

On May 23, 2022, while his appeal was pending, Howard filed a "Notice of Alibi" in the trial court and indicated that "[a]n official pleading of this notice shall be deployed in post conviction relief anticipate filing and or defense after decision of pending appeal in the 8th District." (ECF No. 8-1 at PageID #: 255). The State filed a response on June 1, 2022. (*Id.* at PageID #: 259-265). Because the State's response was filed under seal, on June 17, 2022, Howard moved to unseal the filing and for an extension to reply. (*Id.* at PageID #: 267). The same day he filed his "Motion Pursuant to R.C. 149.43(B)(8) with or as alternative to Compel Attorney Deanna

4

Roberts to Fork Over All Discovery to Mr. Howard." (*Id.* at PageID #: 270). On June 27, 2022, the trial court held both motions in abeyance pending the outcome of Howard's appeal. (*Id.* at PageID #: 273).

Howard moved to lift the stay on August 24, 2022. (*Id.* at PageID #: 275). The trial court denied the motion on August 29, 2022. (*Id.* at PageID #: 278). Howard again moved to lift the stay on February 28, 2023. (*Id.* at PageID #: 231). The trial court denied the motion on March 1, 2023. (*Id.* at PageID #: 299).

### D. Appeals to the Ohio Supreme Court

On July 22, 2022, while his appeal was still pending, Howard filed a notice of appeal in the Supreme Court of Ohio concerning the appellate court's denial of his motion to review the psychiatric report and presentence investigation. (*Id.* at PageID #:238). The same day, he filed a memorandum in support of jurisdiction, raising a single proposition of law: "Mr. Howard's U.S. constitutional right to substantive and procedural due process was violated when the state/retained counsel keeps psychiatric report away from Mr. Howard; even when he is representing himself on appeal causing prejudicial issues." (*Id.* at PageID #: 246). The Supreme Court declined to accept jurisdiction on October 11, 2022. (*Id.* at PageID #: 253).

After the appellate court affirmed the trial court and denied Howard's motion for reconsideration, Howard filed a notice of appeal in the Supreme Court of Ohio on March 28, 2023. (*Id.* at PageID #: 305). In his memorandum in support of jurisdiction filed the same day, he raised a single proposition of law: "Howard's U.S. constitutional right to due process was violated when he was not present at his competency hearing without a valid waiver summing up to his U.S. constitutional right to counsel being violatd [sic] alond [sic] with 6th amentments [sic] rights." (*Id.*

5

at PageID #: 315). The Supreme Court of Ohio declined to accept jurisdiction on June 6, 2023. (*Id.* at PageID #: 332).

### IV. Federal Habeas Corpus Petition

Howard petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). While the petition is dated April 20, 2023, it was not received by the Court until June 12, 2023. (*Id.*). Howard asserted the following grounds for relief:

> **GROUND ONE:** Howard's procedural and substantive right to due process was violated when he was blocked from processing competency report even as his own counsel on appeal.
>
> **Supporting Facts:** retain counsel, trial court, 8th District Court of Appeals refused access to Howard even when he represented his self on appeal.
>
> **GROUND TWO:** Howard's U.S. Constitutional right to substantive & procedural due process was violated when he wasn't allowed at competency hearing without a valid waiver.
>
> **Supporting Facts:** Never received notice of competency hearing from court & retained counsel. No valid waiver of appearance on record.
>
> **GROUND THREE**: Howard is actually innocent via pending notice of alibi.
>
> **Supporting Facts**: Trial court has all post conviction motions held in abeyance including without ruling to have retained counsel provide Howard with all discovery.
>
> **GROUND FOUR:** Howard's guilty plea was accepted against violations of U.S. Constitution.
>
> **Supporting Facts:** Guilty plea could not be accepted if Howard was not present at competency hearing.

(ECF No. 1, PageID #: 5-10). Howard classified his petition as a "mixed petition," indicating Ground One was exhausted because the Supreme Court of Ohio declined to accept jurisdiction on

6

October 11, 2022, Ground Two was "currently exhausted in Ohio Supreme Court," and Ground Four was "pending notice of alibi."[2] (*Id.* at PageID #: 6-10).

The same day the Court received Howard's petition, it also received a motion requesting that the Court stay his habeas case and hold it in abeyance. (ECF No. 2). The motion to stay is dated April 9, 2023. (*Id.* at PageID #: 22). Howard asserts that a stay is warranted because "[a] potential meritorious claim is still pending so this request pursuant to Rhines is a good cause request" and because "[t]he trial court, to this day, has not lifted the **stay** preventing prejudicial issues on Howard's post-conviction seekage." (*Id.*). Respondent filed a response to the motion to stay on July 21, 2023. (ECF No. 5).

Respondent filed an answer/return of writ on October 18, 2023. (ECF No. 8).

V.  **Legal Standards**

A.  **Exhaustion**

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal

---

[2] Howard did not address Ground Three, simply putting "N/A" in every section of the petition relating to whether that ground was exhausted. (ECF No. 1 at PageID #: 9).

7

habeas court cannot review the merits of the claim." *Id*. (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

### B. Stay and Abeyance

A "mixed" petition for habeas corpus relief is one in which a habeas petition contains some claims that have been exhausted in the state courts and some that have not. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), or under certain limited circumstances, a court may grant a stay to allow the petitioner to return to state court to exhaust his state remedies pursuant to *Rhines*. 544 U.S. at 271. A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Even if "good cause" is shown, before granting a stay a court must consider whether the unexhausted claims are potentially meritorious and whether the petitioner did not engage in dilatory litigation tactics. *Id.* at 277-78.

### VI. Discussion

Petitioner requests a stay based on (1) his "pending appeal in the Ohio Supreme Court" and (2) the trial court's stay "preventing prejudicial issues on Howard's post-conviction seekage." (ECF No. 2 at PageID #: 20, 22). Respondent opposes the motion to stay, asserting that Howard "does not currently have an appeal pending in the Supreme Court of Ohio." (ECF No. 5 at 2). Respondent indicates that "[t]he Supreme Court of Ohio declined to accept jurisdiction on June 6, 2023" and "it does not appear that Mr. Howard has any pending appeal in that court." (*Id.* at 3). Respondent further represents that Howard "does not have a pending petition for post-conviction

8

relief" and his "notice of alibi and request for public records and/or discovery from his counsel are still pending in the state court" but "[n]either of those motions raised an unexhausted claim." (*Id.* at 4). Respondent argues that any unexhausted claims are now procedurally defaulted because Howard failed to fairly present them during his initial appeal and Howard failed to show good cause for this failure. (*Id.* at 6-8; ECF No. 8 at 12-14). Howard did not file a reply.

Petitioner asserts that Grounds Two and Four are unexhausted. (ECF No. 1 at PageID #: 7, 10). Concerning Ground Two, Howard relies on his pending appeal to the Supreme Court of Ohio to support a stay. (*See id.* at PageID #: 7; ECF No.2). However, between the time Petitioner signed his petition and motion in April 2023 and the time it was received by the Court in June 2023, the Supreme Court of Ohio declined to accept jurisdiction over Howard's appeal and review of that court's docket does not reveal any other pending matters involving Howard. (ECF No. 8-1 at PageID #: 332). Because Howard no longer has a pending case in the Supreme Court of Ohio, such cannot justify a stay and Howard's request is moot.

As to Ground Four, Howard lists "actual innocence pending notice of alibi" to explain his failure to exhaust his claim. Howard's notice of alibi[3] includes an affidavit signed by Tyisna Koroma stating that "Raysean Howard Jr was in my presence at the time of alleged accusations pertains to Cuyahoga County Common Pleas Case Number 646565." (*See* ECF No. 8-1 at PageID #: 255-57). But Howard's Ground Four challenges the trial court's acceptance of his guilty plea when he was not present at the competency hearing. Thus, as Respondent argues, the notice of alibi does not raise—nor does it appear relevant to—an unexhausted claim such that it does not warrant a stay for the trial court to address the issue. Further, to the extent Howard is seeking a stay to exhaust his "actual innocence" claim, a stay is not warranted because the Sixth Circuit has

---

[3] Review of the trial court docket did not show any subsequent action by the trial court following the Supreme Court of Ohio's ruling.

"repeatedly indicated that [freestanding actual innocence] claims are not cognizable on habeas." *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (citing *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)). Thus, because Howard's case in the Supreme Court of Ohio is no longer pending and the pending notice of alibi in the trial court only addresses an issue that is not cognizable on federal habeas review, a stay is not warranted. *Rhines*, 544 U.S. at 277-78.

Realizing that Howard may not have filed a traverse because he was waiting on a ruling on the motion to stay, the undersigned recommends that he be granted an extension in which to file a traverse in support of his petition.

### VII. Recommendation

Howard has not shown that a stay is warranted. Thus, it is recommended that his motion to stay be denied and that Howard be allowed 30 days to file a traverse in support of his petition.

Dated: January 5, 2024

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).