IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYSEAN HOWARD, | ) | CASE NO. 1:23-CV-01174-CEF |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN HAROLD MAY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |
| | ) | |

I.     Introduction

Raysean Howard ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an Ohio prisoner who is currently serving an aggregate prison term of twenty-three years to life for one count of murder with a three-year firearm specification and two counts of attempted murder. (ECF No. 1, PageID #: 1; ECF No. 8-1, Ex. 12). Petitioner now asserts four grounds for relief. (ECF No. 1, PageID #: 5-9). Warden Jennifer Black filed a return of writ on October 18, 2023. (ECF No. 8). Petitioner failed to file a traverse by the March 25, 2024 deadline set by the Court. (*See* ECF No. 10).

This matter was referred to the undersigned under Local Rule 72.2 to prepare a report and recommendation on Howard's petition and other case-dispositive motions. Because Petitioner's grounds are all non-cognizable, procedurally defaulted, or meritless, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II. Relevant Background

The Ohio Court of Appeals for the Eighth Appellate District set forth the following facts[1] on direct appeal:

> {¶ 2} On December 16, 2019, Howard was indicted for several counts of aggravated murder, murder, felonious assault, attempted murder, improper discharge of a firearm at or into a habitation, discharge of a firearm on or near prohibited premises, and improperly handling firearms in a motor vehicle.
>
> {¶ 3} On February 19, 2020, Howard's counsel filed a motion to have Howard evaluated by the Cuyahoga County Court of Common Pleas Psychiatric Clinic for a determination of Howard's IQ and competency. On February 21, 2020, the trial court granted the motion and referred Howard to the court psychiatric clinic.
>
> {¶ 4} On March 19, 2020, in response to the Covid-19 epidemic, the trial court ordered that the March 26, 2020 pretrial be conducted by telephone conference. On March 26, 2020 the trial court conducted a pretrial conference in which it set a further telephonic conference for April 28, 2020. On April 28, 2020, the trial court conducted a pretrial conference, noting that defendant's presence was waived. At this pretrial conference, the parties waived a hearing on defendant's competency and stipulated to the court psychiatric clinic report that recommended a further inpatient competency evaluation be conducted. The trial court ordered Howard to Northcoast Behavioral Healthcare ("Northcoast") for an inpatient evaluation. Howard was evaluated at Northcoast for a period of six days in July 2020. A report regarding Howard's competency was prepared in which he was diagnosed with malingering and cannabis use disorder, mild. The report noted that Howard was "feigning psychotic symptoms for the secondary gain of avoiding criminal persecution."
>
> {¶ 5} On September 22, 2020, the trial court set a competency hearing for October 20, 2020, to be conducted via video conferencing. On October 20, 2020, the trial court entered upon its journal that Howard's presence was waived. The trial court further noted that the parties stipulated Howard was competent to proceed to trial and then stated, "based upon review of reports and parties' stipulation, court finds defendant competent to proceed."
>
> {¶ 6} On October 21, 2021, Howard entered into a plea agreement to plead guilty to one count of murder with a three-year firearm specification and to two counts of attempted murder. In accepting Howard's plea, the trial court conducted a colloquy with him, explained his constitutional rights that he would be waiving and determined that he understood the nature of the charges against him as well as

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

2

finding that he entered his pleas knowingly, voluntarily, and intelligently. Howard acknowledged that he was satisfied with the representation he received from counsel. Following the acceptance of his guilty pleas, the trial court sentenced Howard to an aggregate term of incarceration of 23 years to life.

*State v. Howard*, 2022-Ohio-2959, ¶¶ 2-6 (8th Dist. Ohio Ct. App. Aug. 25, 2022).

### III. Additional State Procedural History

#### A. Appeal Number 21-111160

On December 22, 2021, Petitioner filed a pro se notice of appeal. (ECF No. 8-1, Ex. 13). The Eighth District Court of Appeals dismissed the appeal as untimely on January 4, 2022. (*Id.* at Ex/ 14). The same day, Howard filed a motion to stay the appeal, indicating that "he uttered a Motion for Delayed Appeal with his Notice of Appeal but for some odd reason the Motion for delayed Appeal does not appear on the docket." (*Id.* at Ex. 15). Since the appeal had already been dismissed, the Court of Appeals denied the motion and indicated that "[i]n order to file a motion for delayed appeal, appellant must file a new notice of appeal, along with the motion for delayed appeal." (*Id.* at Ex. 16).

On January 10, 2022, Howard moved for reconsideration of the dismissal. (*Id.* at Ex. 17). The same day, he filed a motion for delayed appeal. (*Id.* at Ex. 18). The Court of Appeals denied both motions on January 11, 2022. (*Id.* at Exs. 19, 20).

#### B. Appeal Number 22-111213

Howard filed a new pro se notice of appeal on January 20, 2022, along with a motion for delayed appeal. (*Id.* at Exs. 21, 22). The State filed an opposition brief on January 27, 2022. (*Id.* at Ex. 24). On February 9, 2022, the Court of Appeals granted Petitioner's motion for delayed appeal. (*Id.* at Ex. 25).

On April 4, 2022, Petitioner filed a motion to supplement the record and, the next day, the Court of Appeals granted the motion and remanded the case, ordering that "the Cuyahoga County

3

Common Pleas Court and/or the Cuyahoga County Probation Department, and the court psychiatric clinic shall file presentence investigation and psychiatric reports under seal" before April 15, 2022. (*Id.* at Exs. 27, 28). On April 7, 2022, Howard filed an "Emergency Motion to Produce Defendant's Signed Waiver of His Presence at 10/20/20 Competency Hearing" in the trial court. (*Id.* at Ex. 29). The trial court returned the case to the Court of Appeals on April 14, 2022, indicating it complied with the appellate court's order. (*Id.* at Ex. 30). Five days later, the trial court denied Petitioner's emergency motion as moot because "[a]ny and all records have been transmitted to the Court of Appeals." (*Id.* at Ex. 31).

On April 11, 2022, Petitioner filed his appellate brief. (*Id.* at Ex. 32). In his brief, he raised a single assignment of error: "Howard's U.S. constitutional right to due process was violated when he was not present at his competency hearing without a valid waiver summing up to his U.S. constitutional right to counsel being violated." (*Id.* at Ex. 32, PageID #: 194). The State filed a response brief on May 23, 2022. (*Id.* at Ex. 33). A June 9, 2022 journal entry indicates that Howard filed a motion to view the psychiatric report and presentence report and extend the time for him to file a reply brief. (*Id.* at Ex. 37, PageID #: 250). The appellate court stated it was "unable to grant the pro se motion asking to review the psychiatric report and pre-sentence report since both are confidential documents which can not be copied and/or mailed." (*Id.*) Accordingly, the appellate court denied that request but granted the extension to reply. (*Id.*). Petitioner filed a reply on June 27, 2022. (*Id.* at Ex. 34). On August 25, 2022, the Court of Appeals rejected Petitioner's assignment of error. (*Id.* at Ex. 35).

Howard filed a motion for reconsideration of the judgment on September 15, 2022. (*Id.* at Ex. 46). The State filed a response on September 26, 2022. (*Id.* at Ex. 47). The appellate court denied the motion on March 10, 2023. (*Id.* at Ex. 50).

4

### C. Additional Trial Court Proceedings

On May 23, 2022, while his appeal was pending, Howard filed a "Notice of Alibi" in the trial court and indicated that "[a]n official pleading of this notice shall be deployed in post conviction relief anticipate filing and or defense after decision of pending appeal in the 8th District." (ECF No. 8-1 at Ex. 39). The State filed a response on June 1, 2022. (*Id.* at Ex. 40). Because the State's response was filed under seal, on June 17, 2022, Howard moved to unseal the filing and for an extension to reply. (*Id.* at Ex. 41). The same day he filed his "Motion Pursuant to R.C. 149.43(B)(8) with or as alternative to Compel Attorney Deanna Roberts to Fork Over All Discovery to Mr. Howard." (*Id.* at Ex. 42). On June 27, 2022, the trial court held both motions in abeyance pending the outcome of Howard's appeal. (*Id.* at Ex. 43).

Howard moved to lift the stay on August 24, 2022. (*Id.* at Ex. 44). The trial court denied the motion on August 29, 2022. (*Id.* at Ex. 45). Howard again moved to lift the stay on February 28, 2023. (*Id.* at Ex. 48). The trial court denied the motion on March 1, 2023. (*Id.* at Ex. 49).

### D. Appeals to the Ohio Supreme Court

On July 22, 2022, while his appeal was still pending, Howard filed a notice of appeal in the Supreme Court of Ohio concerning the appellate court's denial of his motion to review the psychiatric report and presentence investigation. (*Id.* at Ex. 36). The same day he filed a memorandum in support of jurisdiction, raising a single proposition of law: "Mr. Howard's U.S. constitutional right to substantive and procedural due process was violated when the state/retained counsel keeps psychiatric report away from Mr. Howard; even when he is representing himself on appeal causing prejudicial issues." (*Id.* at Ex. 37). The Supreme Court declined to accept jurisdiction on October 11, 2022. (*Id.* at Ex. 38).

After the appellate court affirmed Howard's conviction and denied Howard's motion for reconsideration, Howard filed a notice of appeal in the Supreme Court of Ohio on March 28, 2023. (*Id.* at Ex. 52). In his memorandum in support of jurisdiction filed the same day, he raised a single proposition of law: "Howard's U.S. constitutional right to due process was violated when he was not present at his competency hearing without a valid waiver summing up to his U.S. constitutional right to counsel being violatd [sic] alond [sic] with 6th amentments [sic] rights." (*Id.* at Ex. 53). The Supreme Court of Ohio declined to accept jurisdiction on June 6, 2023. (*Id.* at Ex. 54).

**IV.   Federal Habeas Corpus Petition**

Howard petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Howard asserted the following grounds for relief:

> **GROUND ONE:** Howard's procedural and substantive right to due process was violated when he was blocked from processing competency report even as his own counsel on appeal.
>
> **Supporting Facts:** retain counsel, trial court, 8th District Court of Appeals refused access to Howard even when he represented his self on appeal.
>
> **GROUND TWO:** Howard's U.S. Constitutional right to substantive & procedural due process was violated when he wasn't allowed at competency hearing without a valid waiver.
>
> **Supporting Facts:** Never received notice of competency hearing from court & retained counsel. No valid waiver of appearance on record.
>
> **GROUND THREE**: Howard is actually innocent via pending notice of alibi.
>
> **Supporting Facts**: Trial court has all post conviction motions held in abeyance including without ruling to have retained counsel provide Howard with all discovery.
>
> **GROUND FOUR:** Howard's guilty plea was accepted against violations of U.S. Constitution.
>
> **Supporting Facts:** Guilty plea count not be accepted if Howard was not present at competency hearing**.**

6

(ECF No. 1, PageID #: 5-10). Petitioner filed a motion to stay, (ECF No. 2), which the Court denied on February 22, 2024, (ECF No. 10).

V.  **Law & Analysis**

Respondent argues that all of Petitioner's ground are non-cognizable, procedurally defaulted, or fail on the merits.

A. **Ground Three – Non-cognizable**

In Ground Three, Howard asserts that he is actually innocent. (ECF No. 1, PageID #8). Respondent argues that Howard's "actual innocence" claim "is not itself a constitutional claim." (ECF No. 8 at 13 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993))).

In addressing Petitioner's motion to stay, the Court previously recognized that "the Sixth Circuit has 'repeatedly indicated that [freestanding actual innocence] claims are not cognizable on habeas." (ECF No. 9 at 9-10 (quoting *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020)), *adopted by* ECF No. 10). Thus, Ground Three should be dismissed as non-cognizable.[2]

B. **Grounds One and Four – Procedurally Defaulted**

In Ground One, Howard asserts that his due process rights were violated when he was prevented from viewing his competency report. (ECF No. 1, PageID #: 5). In Ground Four, Howard asserts that the trial court's acceptance of his guilty plea was unconstitutional because he was not present at the competency hearing. (*Id.* at PageID #: 10). Respondent argues that these grounds are procedurally defaulted because Howard did not properly present them at every level of the state courts. (ECF No. 8 at 13).

"[A] petitioner may procedurally default a claim by failing to raise a claim in state court,

---

[2] Because Ground Three is non-cognizable, the Court need not address Respondent's argument that Ground Three is also procedurally defaulted.

7

and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Colemand v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review, *Williams*, 460 F.3d at 806. A court may review a petitioner's procedurally defaulted claims on the merits only if he shows both cause for not raising his claims at all levels of the state courts and prejudice, or that he is actually innocent of the crimes for which he was convicted. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Howard asserts that he exhausted Ground One because he presented it to the Ohio Supreme Court in his July 22, 2022 memorandum in support of jurisdiction. (ECF No. 1, PageID #: 5). Respondent asserts that while Petitioner filed a *motion* to view his competency report in his delayed appeal and filed a discretionary appeal of that denial to the Ohio Supreme Court, he "did not raise this claim as an assignment of error in his delayed direct appeal" and "did not raise this claim to the Ohio Supreme Court following the decision of the state appellate court affirming his convictions." (ECF No. 8 at 13). This Court agrees.

As an initial matter, it is questionable whether Ground One asserts a cognizable claim on federal habeas corpus review. "In conducting habeas review, a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (emphasis added). Howard fails to present any argument to this Court regarding how the appellate court's denial of his request to view the competency report

8

impacts whether his *conviction* was constitutional, especially given that the record makes clear that Petitioner's trial counsel viewed the competency report and stipulated to its contents and Howard's competency to face trial. (ECF No. 8-1, Ex. 6). Petitioner did not assert any challenge regarding his ability to view the competency report in his initial brief to the state appellate court, further indicating that Ground One does not challenge his conviction. (*See id.* at Ex. 32). To the extent Ground One does raise a cognizable federal claim, Howard failed to raise such "through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806. While Petitioner did raise the appellate court's denial of his motion to view the competency report to the Ohio Supreme Court, he did so in an improper interlocutory appeal and did not raise the issue in his appeal following the appellate court's final decision. As such, any cognizable federal claim asserted in Ground One is procedurally defaulted.

As to Ground Four, Respondent argues Petitioner never presented this claim to the state court. (ECF No. 8 at 14). Review of the record confirms that Howard did not raise his argument that his guilty plea was unconstitutional to the state courts. (*See* ECF No. 8-1 at Exs. 32, 53). Because Howard failed to raise this record-based claim in his direct appeal, "the Ohio courts to which [Petitioner] would be required to exhaust the claim would find it procedurally barred" based on res judicata. *Solether v. Williams*, 527 F. App'x 476, 483 (6th Cir. 2013). Accordingly, this claim is procedurally defaulted.

Having found that Ground One and Four are procedurally defaulted, the question becomes whether Petitioner can overcome the default. A court may review a petitioner's procedurally defaulted claims on the merits only if he shows both cause for not raising his claims at all levels of the state courts and prejudice, or that he is actually innocent of the crimes for which he was convicted. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman v. Thompson*, 501 U.S.

722, 750-51 (1991). To overcome default based on an assertion of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Howard makes no argument as to cause and prejudice but does assert "actual innocence" based on the notice of alibi filed in the state court. (ECF No. 1, PageID #: 1). The notice of alibi includes an affidavit signed on May 23, 2022 by Tyisha Koroma stating that Petitioner "was in [her] presence at the time of alleged accusations pertains to Cuyahoga County Common Pleas case number 646565" and had "no involvement in the accusations." (ECF No. 8-1, Ex. 39 at PageID #: 256). However, "[a]ffidavits from family members and friends generally are not sufficiently reliable to establish a finding of actual innocence under *Schlup*." *Cope v. Warden, Ross Corr. Inst.*, No. 1:16-CV-868, 2017 WL 4402581, at *7 (S.D. Ohio Oct. 2, 2017) (collecting cases). Additionally, Petitioner did not mention this alibi evidence until approximately two and half years after he was indicted and over six months after he entered his guilty plea. The "failure to mention this key, purportedly exculpatory piece of evidence would make the late appearance of such affidavits inherently suspicious." *Johnson v. May*, No. 1:19-CV-02636-SO, 2022 WL 18157544, at *15 (N.D. Ohio Nov. 16, 2022), *report & recommendation adopted*, No. 1:19 CV 2636, 2023 WL 130841 (N.D. Ohio Jan. 9, 2023). Thus, Petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, he cannot overcome the procedural default.

Based on this analysis, it is recommended that Ground One and Four be dismissed as procedurally defaulted.

### C. Ground Two – Fails on the Merits

In Ground Two, Howard asserts that his due process rights were violated when he was not present at the competency hearing without a valid waiver. (ECF No. 1, PageID #: 7). Respondent argues that Ground Two fails on the merits because "Howard's challenge to his lack of presence at his competency hearing is waived by virtue of his guilty plea" and, even if not waived, "Howard does not allege, let alone explain, how the state appellate court's decision is objectively unreasonable under AEDPA." (ECF No. 8 at 21).

To obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause).

Under the contrary to clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the unreasonable application clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applied that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, and legal principles and standards flowing from Supreme Court precedent. *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect on awareness of Supreme

11

Court cases "so long as neither the reasoning nor the result of the state-court decisions contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error.").

In determining whether the state court's decision involved an unreasonable application of law, the court uses an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

The United States Supreme Court has "explained that a defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934)).

In addressing Howard's claim in his delayed direct appeal, the state appellate court cited the applicable law and applied it to the facts of Howard's case:

> {¶ 10} Howard argues that his right to due process was violated where he was not present at the scheduled competency hearing. We review claims of due process violations de novo. *In re A.R.*, 8th Dist. Cuyahoga Nos. 104869, 104870, 104871, 104872, 104873, 104875, and 104876, 2017-Ohio-8058, ¶ 15. A criminal defendant has a right to be present at all critical stages of a criminal proceeding. *State v. Hale,* 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100.
>
> {¶ 11} There is no dispute between the parties that a hearing to determine competency would be considered a critical stage of the criminal proceedings. "However, 'the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*' (Emphasis added.)" *Id.* at ¶ 100, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1, 17, 84 S.Ct. 1489, 12 L.Ed 2d 653 (1964).
>
> {¶ 12} For Howard's right to be present to be violated, the "'record must affirmatively indicate the absence of a defendant or his counsel during a particular stage of the trial.'" *Id.* at ¶ 105, quoting *State v. Clark*, 38 Ohio St.3d 252, 258, 527 N.E.2d 844 (1988). The trial court's October 20, 2020 journal entry indicates that Howard's presence was waived, and as such, he cannot claim his right to be present was violated. Howard contests that because he did not expressly waive his presence, his right to be present in court was violated. However, counsel may waive a client's presence even without an express waiver from the defendant appearing in the record. *State v. Green*, 90 Ohio St.3d 352, 372, 2000-Ohio-182, 738 N.E.2d 1208, citing *United States v. Gagnon*, 470 U.S. 522, 528, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985); *United States v. Gallego*, 191 F.3d 156, 171-172 (2d Cir. 1999); *Polizzi v. United States*, 926 F.2d 1311, 1322-132 (2d Cir. 1999); and *State v. Hill*, 73 Ohio St.3d 433, 444, 653 N.E.2d 271 (1995).
>
> {¶ 13} Even were we to find the waiver of Howard's presence improper, Howard would still need to demonstrate that he was prejudiced by the waiver, e.g., that he did not receive a full and just hearing on the issue of his competency. There was no evidence before the court other than the psychiatric reports regarding competency; those did not indicate Howard incompetent. Howard's counsel stipulated to the psychiatric report, which obviated the necessity of holding a formal hearing. *State v. Dienes*, 8th Dist. Cuyahoga No. 97578, 2012-Ohio-4588, ¶ 9, citing *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 6. Accordingly, we cannot say on this record that Howard's right to be present was violated to the extent that "a fair and just hearing was thwarted" in light of the record, the stipulation made by counsel, and where no hearing took place. *See Hale* at ¶ 100.

*State v. Howard*, 2022-Ohio-2959, ¶¶ 10-13.

13

Howard has wholly failed to present any argument that this decision was contrary to, or involved an unreasonably application of, clearly establish federal law or that is based on an unreasonable determination of the facts. 28 U.S.C. § 2254. The record demonstrates that Petitioner waived his presence at the competency hearing, his counsel stipulated to the report finding him competent, and the trial court found him competent based on the stipulation and an independent review of the competency report. (ECF No. 8-1, Ex. 7). Petitioner has failed to show how his absence at the competency hearing deprived him of a fair hearing when there was no evidence before the court to show he was incompetent and when the trial court judge was able to personally observe Petitioner prior to accepting his plea. Thus, Petitioner has failed to show that he is entitled to habeas relief. Accordingly, Ground Two fails on the merits and should be dismissed.

## VI. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Howard's grounds for relief are non-cognizable, procedurally defaulted, or meritless. If the

Court accepts the foregoing recommendation, then Howard has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VII.  Recommendation

Howard has presented only non-cognizable, procedurally defaulted, or meritless claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: May 9, 2024

__s/Carmen E. Henderson__  
Carmen E. Henderson  
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).